UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re:

JOSEPH and NICOLE KAUTZ,

          Debtors.

No. 19-13761
EX PARTE MOTION FOR ORDER APPROVING EMPLOYMENT OF REALTOR

COMES NOW the trustee, Michael P. Klein and states as follows:

1. Among the assets of the bankruptcy estate is a parcel of real property located at 1911 114th Ave NE, Lake Stevens, WA

2. The trustee believes that it is in the best interest of the estate and of the creditors of the estate to sell the aforementioned property.

3. The trustee further believes that it is in the best interest of the estate, pursuant to 11 U.S.C. § 327, to hire Kai Rainey of Re/Max Eastside, mailing address of 11555 SE 8th St, Ste 200, Bellevue, WA 98004 to sell the aforementioned property.

4. Kai Rainey is requesting a commission of six percent of the sales price.

5. The trustee is aware of no connections between Kai Rainey, Re/Max Eastside, and the debtor, creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee other than as set forth above. No notice to creditors or interested parties of this motion is necessary pursuant to 11 U.S.C. section 102(1) and FRBP 2002

6. A copy of the listing agreement is attached hereto and incorporated herein by this reference.

No notice to creditors of this motion is necessary pursuant to 11 U.S.C. § 102(1) and Bankruptcy Rule 2002.

WHEREFORE, the trustee applies for authority to employ the named realtor to sell the above-mentioned property.

EX PARTE MOTION FOR ORDER
APPROVING EMPLOYMENT OF
REALTOR - 1 -

**Michael P. Klein**
Chapter 7 Trustee
330 Madison Avenue S, Suite 110
Bainbridge Island, Washington 98110
(206) 842-3638

Dated this 30th day of July, 2021.

    /s/Michael P. Klein
Michael P. Klein
Chapter 7 Trustee

EX PARTE MOTION FOR ORDER
APPROVING EMPLOYMENT OF
REALTOR - 2 -

**Michael P. Klein**
Chapter 7 Trustee
330 Madison Avenue S, Suite 110
Bainbridge Island, Washington 98110
(206) 842-3638

DocuSign Envelope ID: 4F921B92-4AD4-47E7-B94A-E43DAACB15B1

Form 1A
Exclusive Sale
Rev. 3/21
Page 1 of 3

©Copyright 2021
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

# EXCLUSIVE SALE AND LISTING AGREEMENT

Michael P. Klein, Ch 7 Bankruptcy Trustee For Joseph Edward Kautz 19-13761 ("Seller") hereby grants to, 1
Seller / Seller

Re/Max Eastside Brokers ("Firm") from date hereof until midnight of 2

1/31/22 ("Listing Term"), the exclusive right to sell the real property ("the Property") 3

commonly known as 1911 114th Ave NE, City Lake Stevens, 4

County Snohomish, WA, Zip 98258; and legally described on Exhibit A. 5

1. **DEFINITIONS.** (a) "MLS" means the Northwest Multiple Listing Service; and (b) "sell" includes a contract to sell; 6
an exchange or contract to exchange; an option to purchase; and/or a lease with option to purchase. 7

2. **AGENCY/DUAL AGENCY.** Seller authorizes Firm to appoint Kai Rainey 8
as Seller's Listing Broker. This Agreement creates an agency relationship with Listing Broker and any of Firm's 9
brokers who supervise Listing Broker's performance as Seller's agent ("Supervising Broker"). No other brokers 10
affiliated with Firm are agents of Seller, except to the extent that Firm, in its discretion, appoints other brokers to 11
act on Seller's behalf as and when needed. If the Property is sold to a buyer represented by one of Firm's brokers 12
other than Listing Broker ("Buyer's Broker"), Seller consents to any Supervising Broker, who also supervises 13
Buyer's Broker, acting as a dual agent. If the Property is sold to a buyer who Listing Broker also represents, Seller 14
consents to Listing Broker and Supervising Broker acting as dual agents. If any of Firm's brokers act as a dual 15
agent, Firm shall be entitled to the entire commission payable under this Agreement plus any additional 16
compensation Firm may have negotiated with the buyer. Seller consents to Firm receiving compensation from 17
more than one party. Seller acknowledges receipt of the pamphlet entitled "The Law of Real Estate Agency." 18

3. **LIST DATE.** Firm shall submit this listing, including the Property information on the attached pages and 19
photographs of the Property (collectively, "Listing Data"), to be published by MLS by 5:00 p.m. on 20
_____ ("List Date"), which date shall not be more than 30 days from the effective date of the 21
Agreement. Seller acknowledges that exposure of the Property to the open market through MLS will increase the 22
likelihood that Seller will receive fair market value for the Property. Accordingly, prior to the List Date, Firm and Seller 23
shall not promote or advertise the Property in any manner whatsoever, including, but not limited to yard or other 24
signs, flyers, websites, e-mails, texts, mailers, magazines, newspapers, open houses, previews, showings, or tours. 25

4. **COMMISSION.** If during the Listing Term (a) Seller sells the Property and the buyer does not terminate the 26
agreement prior to closing; or (b) after reasonable exposure of the Property to the market, Firm procures a buyer 27
who is ready, willing, and able to purchase the Property on the terms in this Agreement and as set forth in the 28
attached Listing Input Sheets incorporated herein by this reference, Seller will pay Firm a commission of (fill in 29
one and strike the other) 6 % of the sales price, or $ XXXXXXXXXXXXXXX ("Total Commission"). From 30
the Total Commission, Firm will offer a cooperating member of MLS representing a buyer ("Buyer Brokerage 31
Firm") a commission of (fill in one and strike the other) 2.5 % of the sales price, or $ XXXXXXXXXXXXX. 32
RCW 18.86.050(1)(e)(ii) provides that buyer's brokers are not required to show property as to which there is no 33
written agreement to pay compensation to the buyer's broker. *Subject to bk court and lien holder approval* 34

Ini. MPK  Date: 7/21/2021
Ini. KR  Date: 7/21/2021

If Seller shall, within six months after the expiration of the Listing Term, sell the Property to any person to whose 35
attention it was brought through the signs, advertising or other action of Firm, or on information secured directly or 36
indirectly from or through Firm, during the Listing Term, Seller will pay Firm the above commission. Provided, that 37
if Seller pays a commission to a member of MLS or a cooperating MLS in conjunction with a sale, the amount of 38
commission payable to Firm shall be reduced by the amount paid to such other member(s). Provided further, that 39
if Seller cancels this Agreement without legal cause, Seller may be liable for damages incurred by Firm as a result 40
of such cancellation, regardless of whether Seller pays a commission to another MLS member. Buyer Brokerage 41
Firm is an intended third party beneficiary of this Agreement. 42

5. **SHORT SALE / NO DISTRESSED HOME CONVEYANCE.** If the proceeds from the sale of the Property are 43
insufficient to cover the Seller's costs at closing, Seller acknowledges that the decision by any beneficiary or 44
mortgagee, or its assignees, to release its interest in the Property, for less than the amount owed, does not automatically 45
relieve Seller of the obligation to pay any debt or costs remaining at closing, including fees such as Firm's commission. 46
Firm will not represent or assist Seller in a transaction that is a "Distressed Home Conveyance" as defined by Chapter 47
61.34 RCW unless otherwise agreed in writing. A "Distressed Home Conveyance" is a transaction where a buyer 48

MPK   7/21/2021   _____   _____
Seller's Initials   Date   Seller's Initials   Date

Form 1A  
Exclusive Sale  
Rev. 3/21  
Page 2 of 3

**EXCLUSIVE SALE AND LISTING AGREEMENT**

©Copyright 2021  
Northwest Multiple Listing Service  
ALL RIGHTS RESERVED

purchases property from a "Distressed Homeowner" (defined by Chapter 61.34 RCW), allows the Distressed Homeowner to continue to occupy the property, and promises to convey the property back to the Distressed Homeowner or promises the Distressed Homeowner an interest in, or portion of, the proceeds from a resale of the property.

6. **KEYBOX.** Firm is authorized to install a keybox on the Property. Such keybox may be opened by a master key held by members of MLS and their brokers. A master key also may be held by affiliated third parties such as inspectors and appraisers who cannot have access to the Property without Firm's prior approval which will not be given without Firm first making reasonable efforts to obtain Seller's approval.


Ini.
Date: 7/21/2021


Ini.
Date: 7/21/2021

7. **SELLER'S WARRANTIES AND REPRESENTATIONS.** Seller warrants that Seller has the right to sell the Property on the terms herein ~~and that the Property information on the Listing Input Sheets attached to and incorp~~ Seller is a bankruptcy trustee and has no knowledge of the property. Sale is as-is without warrant or guarantee. ~~are no structures or boundary indicators that either encroach on adjacent property or on the Property~~. Seller authorizes Firm to provide the information in this Agreement and the attached pages to prospective buyers and to other cooperating members of MLS who do not represent the Seller and, in some instances, may represent the buyer. If Seller provides Firm with any photographs of the Property, Seller warrants that Seller has the necessary rights in the photographs to allow Firm to use them as contemplated by this Agreement. Seller agrees to indemnify and hold Firm and other members of MLS harmless in the event the foregoing warranties and representations are incorrect.

8. **FAIR HOUSING.** Seller acknowledges that fair housing laws prohibit discrimination based on sex, marital status, sexual orientation, gender identity, race, creed, color, national origin, citizenship or immigration status, families with children status, honorably discharged veteran or military status, the presence of any sensory, mental, or physical disability, or the use of a support or service animal by a person with a disability.

9. **CLOSING.** Seller shall furnish and pay for a buyer's policy of title insurance showing marketable title to the Property. Seller shall pay real estate excise tax and one-half of any escrow fees or such portion of escrow fees and any other fees or charges as provided by law in the case of a FHA or VA financed sale. Rent, taxes, interest, reserves, assumed encumbrances, homeowner fees and insurance are to be prorated between Seller and the buyer as of the date of closing. Seller shall prepare and execute a certification (NWMLS Form 22E or equivalent) under the Foreign Investment in Real Property Tax Act ("FIRPTA"). If Seller is a foreign person or entity, and the sale is not otherwise exempt from FIRPTA, Seller acknowledges that a percentage of the amount realized from the sale will be withheld for payment to the Internal Revenue Service.

10. **MULTIPLE LISTING SERVICE.** Seller authorizes Firm and MLS to publish the Listing Data and distribute it to other members of MLS and their affiliates and third parties for public display and other purposes. This authorization shall survive the termination of this Agreement. Firm is authorized to report the sale of the Property (including price and all terms) to MLS and to its members, financial institutions, appraisers, and others related to the sale. Firm may refer this listing to any other cooperating multiple listing service at Firm's discretion. Firm shall cooperate with all other members of MLS, or of a multiple listing service to which this listing is referred, in working toward the sale of the Property. Regardless of whether a cooperating MLS member is the agent of the buyer, Seller, neither or both, such member shall be entitled to receive the Buyer Brokerage Firm's share of the commission. MLS is an intended third party beneficiary of this Agreement and will provide the Listing Data to its members and their affiliates and third parties, without verification and without assuming any responsibility with respect to this Agreement.

11. **PROPERTY CONDITION AND INSURANCE.** Neither Firm, MLS, nor any members of MLS or of any multiple listing service to which this listing is referred shall be responsible for loss, theft, or damage of any nature or kind whatsoever to the Property, any personal property therein, or any personal injury resulting from the condition of the Property, including entry by the master key to the keybox and/or at open houses, except for damage or injury caused by its gross negligence or willful misconduct. Seller is advised to notify Seller's insurance company that the Property is listed for sale and ascertain that the Seller has adequate insurance coverage. If the Property is to be vacant during all or part of the Listing Term, Seller should request that a "vacancy clause" be added to Seller's insurance policy. Seller acknowledges that intercepting or recording conversations of persons in the Property without first obtaining their consent violates RCW 9.73.030.

_____ 7/21/2021 _____ _____  
Seller's Initials    Date    Seller's Initials    Date

DocuSign Envelope ID: 4F921B92-4AD4-47E7-B94A-E43DAACB15B1

Form 1A
Exclusive Sale
Rev. 3/21
Page 3 of 3

**EXCLUSIVE SALE AND LISTING AGREEMENT**

©Copyright 2021
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

Ini. *MPK*
Date: 7/21/2021

**12. FIRM'S RIGHT TO MARKET THE PROPERTY.** Seller shall not commit any act which materially impairs Firm's ability to market and sell the Property under the terms of this Agreement. In the event of breach of the foregoing, Seller shall pay Firm a commission in the above amount, or at the above rate applied to the listing price herein, whichever is applicable. Unless otherwise agreed in writing, Firm and other members of MLS shall be entitled to show the Property at all reasonable times. Firm need not submit to Seller any offers to lease, rent, execute an option to purchase, or enter into any agreement other than for immediate sale of the Property.

Ini. *kR*
Date: 7/21/2021

**13. SELLER DISCLOSURE STATEMENT.** ~~Unless~~ **Seller is exempt under RCW 64.06,** ~~Seller shall provide to Firm as soon as reasonably practicable a completed and signed "Seller Disclosure Statement" (Form 17 (Residential), Form 17C (Unimproved Residential), or Form 17 Commercial). Seller agrees to indemnify, defend and hold Firm harmless from and against any and all claims that the information Seller provides on Form 17, Form 17C, or Form 17 Commercial is inaccurate.~~

**14. DAMAGES IN THE EVENT OF BUYER'S BREACH.** In the event Seller retains earnest money as liquidated damages on a buyer's breach, any costs advanced or committed by Firm on Seller's behalf shall be paid therefrom and the balance divided equally between Seller and Firm.

**15. ATTORNEYS' FEES.** In the event either party employs an attorney to enforce any terms of this Agreement and is successful, the other party agrees to pay reasonable attorneys' fees. In the event of trial, the successful party shall be entitled to an award of attorneys' fees and expenses; the amount of the attorneys' fees and expenses shall be fixed by the court. ~~The venue~~ **Bankruptcy Court** ~~unty in which the Property is located.~~

Are the undersigned the sole owner(s)? ☐ YES ☐ NO     Ini. _____   Ini. *kR*
                                                      Date: _____  Date: 7/21/2021

_Michael P. Klein_ _____ 7/21/2021     Re/Max Eastside Brokers _____
Seller's Signature                              Date      Real Estate Firm

_____          _kai Rainey_ _____ 7/21/2021
Seller's Signature                              Date      Broker's Signature                              Date

Michael P. Klein, Ch 7 Bankruptcy Trustee For Joseph Edward Kautz 19-13761